

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARR BARSHIS, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>VDI MULTIMEDIA; R. LUKE STEFANKO; DONALD R. STINE; THOMAS J. ENNIS; ROBERT C. SEMMER; ROBERT S. FEUERMAN; FRED S. TENG; BAIN CAPITAL, INC.; and DOES 1-25, inclusive,<br><br>　　　　　　Defendants. | CASE NO. CV 00-06658 DT (BQRx)<br><br>ORDER **GRANTING DEFENDANTS'** MOTION TO DISMISS COMPLAINT **WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** |

## I. BACKGROUND

### A. Factual Summary

This case, which was removed to this Court pursuant to its original jurisdiction under 28 U.S.C. § 1331 and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), involves alleged violations of CAL. CORP. CODE §§ 25400 and 25500 by Plaintiff Darr Barshis ("Plaintiff"), on behalf of the public

stockholders of Defendant VDI Multimedia ("VDIM") who purchased VDIM shares between the announcement of a management-led buyout (the "MBO") on December 27, 1999, and the announcement of the cancellation of the MBO on April 4, 2000 (the "Class Period"). (See Complaint, attached to Notice of Removal as Ex. A, ¶ 1.)

The following facts are alleged in Plaintiff's Complaint:

Defendant VDIM is a Hollywood, California-based worldwide electronic distribution company using fiber optics and satellites to physically and electronically deliver commercials, movie trailers, electronic press kits, infomercial and syndicated programming to hundreds of broadcast outlets worldwide. (See id. at ¶ 8.)

Defendant R. Luke Stefanko ("Stefanko") is the Chief Executive Officer and Chairman of the Board of Directors of VDIM. (See id. at ¶ 9.)

Defendant Donald R. Stine ("Stine") is the President, Secretary and a director of VDIM. (See id. at ¶ 10.)

Defendant Bain is a private equity investment firm based in Massachusetts. (See id. at ¶ 16.)

Defendant Thomas J. Ennis ("Ennis") is a Vice President and a director of VDIM. (See id. at ¶ 11.)

Defendant Robert C. Semmer ("Semmer") is an Executive Vice President of VDIM. (See id. at ¶ 12.)

Defendants Robert S. Feuerman ("Feuerman") and Fred S. Teng ("Teng") are directors of VDIM. (See id. at ¶¶ 13 and 14.)

Defendants Stefanko, Stine, Ennis, Semmer, Feuerman and Teng shall hereafter be referred to collectively as the "Individual Defendants".

On December 27, 1999, VDIM and Bain jointly announced that Credit Suisse First Boston ("CS First Boston") had agreed to fund the $150,000,000 of debt financing necessary to fund Defendants Bain, VDIM and the Individual Defendants' (collectively, "Defendants") offer to purchase outstanding shares of VDIM for $15.00 per share. (See id. at ¶ 2.) This false and misleading announcement caused VDIM's shares to trade as high as $14½ per share during the Class Period. (See id.) Defendants' false and misleading statements made in connection with the MBO were designed to facilitate shareholder approval and the consummation of the MBO. (See id.)

On April 4, 2000, VDIM announced that Defendants had canceled their plan to acquire VDIM, disclosing that CS First Boston refused to provide the financing that Defendants claimed was in place. (See id. at ¶ 3.) The price of VDIM's stock reacted to this news by falling over $5¼ per share or 38% to just $8½ per share. (See id.) Defendants concealed that they received a commitment letter from CS First Boston to provide a total of only $107 million, not $150 million as Defendants had led shareholders to believe. (See id.) Moreover, CS First Boston's agreement to provide $107 million in financing was subject to several conditions which rendered its obligation virtually meaningless. (See id.) Nevertheless, in order to

3

convince the market that shareholder approval would be obtained and thereby receive for themselves multi-million dollar benefits which they knew no other buyer would be willing to pay, Defendants sought to create the appearance that the consummation of the MBO was a fait accompli and thus created the fiction that the Defendants had arranged for CS First Boston's financing to consummate the transaction. (See id.)

B.  **Procedural History**

On May 11, 2000, Plaintiff Barshis filed a Class Action Complaint for Violations of CAL. CORP. CODE §§ 25400 and 25500 in the Superior Court of the State of California for the County of Los Angeles, Case No. BC 229794.

On June 21, 2000, Defendant Bain and all Defendants jointly filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) and SLUSA.

On August 18, 2000, Plaintiff Barshis filed a Motion to Remand, which this Court denied on October 16, 2000.

On November 13, 2000, Defendants VDIM, Stefanko, Stine, Ennis, Semmer, Feuerman, and Teng (collectively, "VDIM Defendants") filed a Notice of Motion and Motion to Dismiss Complaint presently before this Court.

On November 15, 2000, VDIM Defendants filed a Notice of Amendment to Notice of Motion and Motion to Dismiss Complaint.

Also on November 15, 2000, Defendant Bain filed a Memorandum in Support of Motion to Dismiss Complaint to join VDIM Defendants in seeking dismissal of Plaintiff's Complaint.

4

## II. DISCUSSION

### A. Standard

#### 1. Standard of Review for F.R.C.P. 12(b)(6) Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Pursuant to Rule 12(b)(6), the court may only dismiss a plaintiff's complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether a plaintiff is entitled to offer evidence in support of his claim. Cabo Distributing Co., Inc. v. Brady, 821 F.Supp. 601 (N.D. Cal. 1992). Dismissal is proper under Rule 12(b)(6) only where there is a lack of a cognizable legal theory, or an absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In testing the sufficiency of a complaint, the court must assume that all of the plaintiff's allegations are true, and must construe the complaint in a light most favorable to the plaintiff. United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981) (citing California Dump Truck Owners Assn. v. Associated General Contractors of America, 562

F.2d 607, 614 (9th Cir. 1977); McKinney v. DeBord, 507 F.2d 501, 503 (9th Cir. 1974)). Therefore, it is only the extraordinary case in which dismissal is proper. Corsican Productions v. Pitchess, 338 F.2d 441, 442 (9th Cir. 1964).

Generally, orders granting motions to dismiss are without prejudice unless "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." Schreiber Dist. v. Serv-Well Furniture, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

    **1. The Securities Litigation Uniform Standards Act Preempts Plaintiff's State Law Claims and Requires Dismissal of Plaintiff's Complaint**

Defendants, in their Motion to Dismiss posit that application of the general rule of preemption set forth in the SLUSA of 1998 requires dismissal of state law claims of securities fraud. Plaintiff does not dispute Defendants' contention, choosing instead to argue that this Court erred in its previous October 16, 2000 Order Denying the Motion to Remand. In its October 16, 2000 Order, this Court expressly held that the exceptions to the SLUSA do not apply to the state law claims of securities fraud alleged in Plaintiff's Complaint. See, October 16, 2000 Order Denying Motion for Remand.

Specifically, the Securities Litigation Uniform Standards Act ("SLUSA") provides that: "No covered class action based upon the statutory or common law of any State or subdivision thereof

6

may be maintained in any State or Federal court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77p(b) & 78bb(f)(1).

The statute also states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." 15 U.S.C § 78bb(f)(2). This Court in its October 16, 2000 Order held that this action was properly removed to this Court under the SLUSA and that the two exceptions provided by 15 U.S.C. Sections 78bb(f)(3)(A)(ii)(I) and 78bb(f)(3)(A)(ii)(II) were not applicable to the present action; therefore, the action was properly maintained in Federal Court. See, October 16, 2000 Order at 8 & 12.

Defendants posit that the SLUSA also requires that Plaintiff's Complaint be dismissed, citing Hines v. ESC Strategic Funds, Inc. and Lasley v. New England Variable Life Ins. Co. for the proposition that the SLUSA preempts state-law securities fraud claims. See, 15 U.S.C.S. § 77p(b); see, Hines, 1999 U.S. Dist. LEXIS 15790, 9 [1999 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 90,684 (M.D. Tenn. Sept. 17, 1999)(pre-empted state-law securities fraud claims dismissed pursuant to the Uniform Standards Act); see also, Lasley, 1999 U.S. Dist LEXIS 10890

7

(N.D. Cal. May 3, 1999) (eight state-law causes of action were "barred as a matter of law" by the Uniform Standards Act).

Plaintiff does not assert any arguments against Defendants Motion to Dismiss and instead reasserts the same arguments in support of remand.[1] This Court does not find any basis to deny the Motion to Dismiss as this Court has previously held that this suit is a "covered class action" as defined by 15 U.S.C. Section 77bb(f)(5)(E)(See, October 16, 2000 Order at 8) and is, therefore, preempted under the SLUSA, 15 U.S.C.S. § 77p(b).[2] See, Hines, 1999 U.S. Dist. LEXIS at 9. As such, this Court **grants** the Motion to Dismiss **with prejudice and without leave to amend.**

---

[1] Plaintiff reasserts arguments in support of remand to state court which this Court has already considered and denied in its October 16, 2000 Order Denying the Motion to Remand.

[2] Furthermore, on review of the Transcript of Proceedings, Plaintiff's counsel declined to present arguments in response to the Court's tentative order denying the Motion to Remand, stating "I respectfully disagree with the outcome but respect, you know the Court's order. And I don't really need to argue with you." Transcript of Proceedings, at 5:4-7. Instead, Plaintiff's counsel merely questioned whether the Court was simultaneously dismissing the Complaint, noting that "[i]n light of the finding of complete preemption, it's a foregone conclusion what will happen" on a motion to dismiss." Id. at 5:9-10 & 5:18-21. When the Court agreed that dismissal was "a foregone conclusion (Id. at 7:1-4), but observed that no motion to dismiss was pending, Plaintiff's counsel responded that he wished to avoid "undue time consumption and fees" and "see if we can cut through it all," noting that "we may well be able to do a stipulation" to effect the dismissal of the case so long as such a stipulation would not "waive [Plaintiff's] appeal rights." Id. at 5:17-22 & 6:21-23.

8

### 2. The Court will not Revisit the Issue of Remand on This Motion to Dismiss, because the Court has already Considered and Ruled Against Plaintiff's Arguments.

Plaintiff, in his August 18, 2000 Motion to Remand, presented similar arguments he posits in opposition to the current Motion to Dismiss before the Court. See, October 16, 2000 Order. This Court fully considered and ruled against those arguments in the October 16, 2000 Order. Therefore, this Court declines to revisit the same issues as Plaintiff was afforded ample opportunity to present his arguments before the Court the first time.

Moreover, if Plaintiff believes so strongly that this Court should reconsider the Motion to Remand, the proper vehicle for Plaintiff to assert any arguments regarding the October 16, 2000 Order Denying the Motion to Remand is a Motion for Reconsideration.[3]

Local Rule 7.16 provides that "[a] motion for reconsideration of the decision on any motion may be made only on [three] grounds":

(a) a material difference in fact or law from

---

[3]This Court agrees with Defendants that Plaintiff's reliance on Rule 54(b) of the Federal Rules of Civil Procedure as a basis for the Court to revise its previous ruling is misplaced. See, Opposition at 1:23-25. Rule 54(b) applies only in cases involving multiple claims or parties, where a court adjudicates fewer than all of the claims presented or the claims of only some of the parties without ordering that final judgment be entered on that part of the case. This case does not present such a situation.

9

> that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

See, Local Rule 7.16. The Rule also mandates that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." This Court will not make a ruling on the merits of a motion that is not before the Court; however, it is unlikely that Plaintiff would prevail on such a motion as this Court was fully briefed the first time and any attempts to reassert the same arguments would be futile. Because Plaintiff offers nothing new to support his case and has not brought a formal Motion for Reconsideration, this Court declines to reconsider its earlier decision and finds that the Complaint's state law securities allegations are preempted by the federal securities laws. See, Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1990); see also, Taylor v. Knapp, 87 F.2d 803, 805 (9th Cir. 1989), cert. denied 493 U.S. 868 (1989).

### III. Conclusion

Based on the foregoing discussion the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Class Action Complaint For Violation of California Corporations Code §§ 25400 and 25500 **WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.**

IT IS SO ORDERED.

DATED: 12/18/00

**DICKRAN TEVRIZIAN**

_____
Dickran Tevrizian, Judge
United States District Court

11